UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LUIS F. JUAREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 06 C 3681 |
| v. ) | |
| ) | Judge John W. Darrah |
| NATIONAL RAILROAD PASSENGER ) | |
| CORPORATION, d/b/a AMTRAK, ) | |
| a Corporation, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Luis F. Juarez, filed suit, alleging violation of the Federal Employers' Liability Act ("FELA"), against National Railroad Passenger Corporation, d/b/a Amtrak ("Amtrak"). Currently before the Court is Amtrak's Motion to Transfer pursuant to 28 U.S.C. § 1404(a).

## BACKGROUND

A reading of the Complaint and other materials submitted by the parties pursuant to Amtrak's motion supports the following summary of the alleged operative conduct of the parties.

Juarez was employed by Amtrak as a utility worker on and prior to January 5, 2005. On that date, Juarez was aboard an Amtrak train, traveling from Chicago, Illinois to Los Angeles, California. He was injured, while in the course of his employment, when the train stopped suddenly and without warning near Mendota,

Illinois. Plaintiff detrained in Kansas City, Missouri, following the incident, to receive medical treatment. Negligence on the part of the train's crew is not the suspected cause of the sudden stop, and there are no indications that any defect in the train or the track contributed to the injury.

Robert Medina and Rosemarie Terry were each working aboard the train with Juarez at the time of his injury. Both saw Juarez immediately after the train's sudden stop and are expected to testify as to Juarez's condition after the stop. Dr. Jason Graham provided Juarez's initial medical treatment in the emergency room of North Kansas City Hospital in North Kansas City, Missouri. Dr. Graham is expected to testify about Juarez's condition at the time of his initial treatment and his injury and prognosis.
Dr. Clive Segil, Dr. Ezequiel Suarez, Dr. Sue Tusiri, Dr. Joey Co, and Dr. Yao Yu have all provided medical treatment to Juarez since his injury and are expected to testify in similar capacities.

None of the individuals expected to testify in this case, including Juarez, reside in Illinois. Juarez, Medina, Terry, and five of the six physicians with discoverable information currently reside in the State of California. Dr. Graham resides in the State of Missouri.

## ANALYSIS

Amtrak moves for the transfer of this case to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404.

"Where a suit is filed in a proper venue, a federal district court may "for the convenience of the parties and witnesses, [and] in the interest of justice . . . transfer any civil action to any other district or division where it might be brought." 28 U.S.C.

2

§ 1404(a); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (*Coffey*). Although § 1404(a) limits consideration for transfer to three factors – convenience of the parties, convenience of the witnesses, and the interest of justice – district courts have broad discretion in the interpretation and weighing of these factors, which serve more as guideposts for analysis than as rigid requirements. *See Coffey*, 796 F.2d at 219-20; *Chicago R.I. & P.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955), *cert. denied*, 350 U.S. 822 (1955); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (*Van Dusen*). A lesser showing of inconvenience is required under § 1404(a) than under the traditional doctrine of *forum non conveniens*. *Coffey*, 796 F.2d at 720; *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981). The movant bears the burden of establishing, by reference to particular circumstances, that the alternative forum is clearly more convenient. *Coffey*, 796 F.2d at 219-20.

*Convenience of the Parties and of the Witnesses*

In evaluating the convenience of the parties, the district court considers five factors: (1) plaintiff's initial choice of forum, (2) the situs of material events, (3) the relative ease of access to sources of proof, (4) the convenience of the witnesses to be called to testify in the case, and (5) the convenience of the parties themselves. *Plotkin v. IP Axess, Inc.*, F. Supp. 2d 899, 902 (N.D. Ill. 2001) (*Plotkin*); *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000) (*Amoco*); *see also Georgeous v. NaTec Resources, Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997);

*APV North America, Inc. v. Transindustrial Development Co.*, No. 05 C 2936, 2006 WL 51169, at *4 (N.D. Ill. Jan. 3, 2006) (*APV*).

3

The plaintiff's choice of forum is generally entitled to substantial weight, especially when it is the plaintiff's home forum. *Plotkin*, 168 F. Supp. 2d at 902; *Vandeveld v. Cristoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995) (*Vandeveld*). However, where the plaintiff's choice of forum has a relatively weak connection with the operative facts giving rise to the claim, the deference traditionally given to that selection is lessened. *Plotkin*, 168 F. Supp. 2d at 902; *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 831 (N.D. Ill. 1999); *Von Holdt v. Husky Injection Molding Systems, Ltd.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995); *APV*, 2006 WL 51169 at *5.

Juarez insists that his decision to file suit in the Northern District of Illinois must be given substantial deference. While his choice of forum is certainly relevant, it is not as strong a counterbalance to other factors as he argues. First, the forum is not his home forum. For this reason alone, the weight of Juarez's choice is decreased. Second, the forum has very little connection to the operative facts of the case.

Juarez does not argue that the alleged negligence of the train operators was in any way related to the location of the train at the time of the abrupt stop. While the Northern District of Illinois is the situs of the material event in this case, the location of the train's abrupt stop is only superficially relevant and will not be a significant factor in litigation. The alleged negligence could just as easily have occurred at any point on the train's path across the United States. This weak connection between the forum and the operative facts further decreases the weight of Juarez's choice of forum.

The relative ease of access to sources of proof clearly weighs in favor of transferring this case to the California court. No evidence is claimed to be located in Illinois. Most of the medical records relevant to this case are located in California, and those not located in California are located in Missouri.

For consideration of the convenience of the witnesses, the party seeking transfer must specify the key witnesses to be called and establish that the nature and quality of their testimony with respect to the issues in the case warrant the case's transfer. *Vandeveld*, 877 F. Supp. at 1167-68; *APV*, 2006 WL 51169 at *5. Here, Amtrak has listed all witnesses it expects to testify. Nearly all non-party witnesses involved in this case reside in California, except for one physician, who resides in Missouri. While Amtrak's employees could be compelled to testify regardless of forum, only the proposed transferee forum would be able to compel testimony from any of the five physicians residing in California. The Central District of California would be a far more convenient forum than the Northern District of Illinois. As such, the convenience of the witnesses weighs in favor of transfer.

Finally, when considering the convenience to the parties themselves, the court may consider where the parties reside and their respective abilities to bear the expense of the trial in a particular forum. *Heller Financial, Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1130 (N.D. Ill. 1989); *APV*, 2006 WL 51169 at *6. As previously noted, Juarez resides in California, as do the Amtrak employees involved in this matter. Traveling to and litigating in Illinois appear to be equally inconvenient to both parties, and the proposed California forum clearly presents a more convenient alternative.

On balance, the factors considered in determining the convenience of the parties and witnesses weigh in favor of transfer.

*Interest of Justice*

In addition to considering the convenience of the parties, witnesses, and evidence in relation to the proposed forum and the present forum, the court must also consider which forum best serves "the interest of justice." *Coffey*, 796 F.2d at 220; *Van Dusen*, 376 U.S. at 625. The interest of justice rubric focuses on the efficient administration of the courts, not the merits of the underlying dispute. *Coffey*, 796 F.2d at 221; *Plotkin*, 168 F. Supp. 2d at 904. This analysis includes considerations such as "(1) the speed at which a case will proceed to trial, (2) the court's familiarity with the applicable law, (3) the relation of the community to the occurrence at issue, and (4) the desirability of resolving controversies in their locale." *Plotkin*, 168 F. Supp. 2d at 904; *APV*, 2006 WL 51169 at *6; *see Macedo v. Boeing Co.*, 693 F.2d 683, 690 (7th Cir. 1982) (discussing public interest factors of transfer analysis). Even where the convenience of the parties and witnesses may call for a different result, the "interest of justice" component may be determinative in a particular case. *Coffey*, 796 F.2d at 220; *see e.g., Lemke v. St. Margaret Hosp.*, 594 F. Supp. 25 (N.D. Ill. 1983).

The most relevant statistics for the determination of the speed at which a case will proceed to trial are (1) the median number of months from filing to disposition for civil cases and (2) the median number of months from filing to trial for civil cases. *Plotkin*, 168 F. Supp. 2d at 904; *Amoco*, 90 F. Supp. 2d at 962. For the period ending September 30, 2006, the median time from filing to disposition for civil cases was

6.5 months in the Northern District of Illinois and 7.2 months in the Central District of California. The median time from filing to trial for civil cases was 26.4 months in the Northern District of Illinois and 21.3 months in the Central District of California. *See* Admin. Office of the U.S. Courts, FEDERAL COURT MANAGEMENT STATISTICS (2005), *available at* http://www.uscourts.gov/cgi-bin/cmsd2006.pl. These figures suggest that any difference in time from filing to disposition is negligible and that the time from filing to trial for civil cases is actually slightly faster. This factor weighs in favor of transfer.

Because Juarez's claim for relief is based upon FELA, a federal law, neither District Court is better situated to interpret the law; the factor weighing the courts' familiarity with the applicable law is neutral in this case. As previously noted, the State of Illinois does not have a strong connection to the occurrence from which this case arises. The instant suit does not involve a single resident of the State of Illinois. Furthermore, the alleged negligent acts occurred on a train and are not related in any meaningful way to the community which Juarez insists should be allowed to resolve the dispute. Neither the relation of the community to the occurrence at trial nor the desirability of deciding the controversies in their locale weigh against transfer.

## CONCLUSION

For the foregoing reasons, Amtrak's Motion to Transfer is granted. The case is transferred to the United States District Court for the Central District of California, pursuant to 28 U.S.C. § 1404.

Dated: September 12, 2007

JOHN W. DARRAH
United States District Court Judge